FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
2011 MAR 23 PM 1:13
LORETTA G. WHYTE
CLERK

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **JEREMY MADISON** | * | **CIVIL ACTION** |
| | * | |
| | * | **NO.** 11-639 |
| **VERSUS** | * | |
| | * | **SECTION** SECT. J |
| **HERCULES DRILLING COMPANY** | * | **MAGISTRATE** MAG. 5 |
| | * | |

********************************************************************************

**COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes Jeremy Madison, a person of full age of majority and a resident and citizen of the State of Louisiana, who represents:

1.

Jurisdiction is vested in this Court pursuant to 28 U.S.C. 1333. This Complaint is brought under the Jones Act (44 U.S.C. 688), the General Maritime Law and Fed. Civ. Pro. 9(h).

2.

At all times pertinent herein, Hercules Drilling Company was the Jones Act employer of petitioner, Jeremy Madison, and owned and operated the LIFTBOAT TALAPIA, a jack up boat.

3.

At all times pertinent herein, your Petitioner was a seaman serving as a member of the crew of a vessel or fleet of vessels, especially working on the vessel's engines and operating the vessel's crane.

4.

On or about July 25, 2010, your Petitioner was working as an able bodied seaman and a crew



Fee 350
√ Process
x Dktd
CtRmDep
Doc. No.

member on board a vessel owned and operated by HERCULES DRILLING COMPANY in the navigable waters of the United States found within the territorial jurisdiction of this Court, when he slipped and fell off of the LIFTBOAT TALAPIA, landing in the water. Plaintiff had been ordered by the Captain of the LIFTBOAT TALAPIA to exit the vessel on to the dock to which the vessel was moored in ordered to strap an oil drum onto the vessel's crane so that it could be placed on board the vessel. While existing the vessel and exercising all appropriate care while doing so, Plaintiff slipped and fell into the water, causing him the grievous bodily injury complaint of herein.

5.

The direct and proximate cause of the Petitioner's injuries was the negligence of HERCULES DRILLING COMPANY which included the failure on the part of HERCULES DRILLING COMPANY to provide a seaworthy vessel for the Petitioner to work on. The vessel's lack of seaworthiness included but was not limited to the failure to provide a proper gangway to the members of the crew of the vessel so that they may transfer from one vessel to another vessel or dock. Moreover, the distance the Plaintiff was required to traverse between the vessel and the dock was too wide to safely cross.

6.

As a result of said occurrence made the subject of this action, including the negligent conduct of the Defendant, Petitioner sustained severe bodily injuries and damages, including injury to his neck and back.

7.

As a result of the said injuries, Petitioner has suffered physical pain, mental anguish and in all reasonable medical probability will continue to do so for the balance of his natural life.

8.

As a result of these injuries, Petitioner has suffered a loss of past, present and future wages, loss of capacity to work and earn money in the future and in all reasonable probability his earning capacity has been impaired permanently. Petitioner has incurred a permanent impairment to his body.

9.

Petitioner itemizes his damages as follows:

1) Past, present and future medical expenses - $150,000;

2) Pain and suffering - $500,000;

3) Permanent residual disability - $200,000;

4) Emotional stress and stain - $150,000;

5) Past, present and future loss wages and loss of earning capacity - $400,000

6) Loss of enjoyment of life - $100,000.

TOTAL $1,500,000

10.

Petitioner alleged that the Defendant is at fault in the following particulars:

1) In failing to have an adequately trained crew who could have seen the need for a gangway;

2) In failing to provide a seaworthy vessel;

3) In failing to provide a properly equipped vessel.

11.

Plaintiff is entitled to maintenance and cure; Defendant has arbitrarily failed and refused to pay appropriate maintenance and cure and Petitioner desires that penalties, attorneys' fees and

punitive damages be assessed.

WHEREFORE, premises considered, Petitioner prays for judgment against the Defendant, HERCULES DRILLING COMPANY, in the full sum of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS AND NO CENTS $1,500,000.00) and for all costs of court and for legal interest from date of judicial demand until paid, for maintenance and cure, penalties and attorneys fees and punitive damages and for other and further relief as law and equity to which Petitioner may be entitled.

Respectfully submitted:

JOHN L. YOUNG (#2199)
915 St. Louis Street
New Orleans, Louisiana 70112
(504) 581-2200
Attorney for Jeremy Madison